Case 4:19-cv-03810   Document 1-3   Filed on 10/03/19 in TXSD   Page 1 of 5

8/21/2019 2:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36160021
By: Miaeda Hutchinson
Filed: 8/21/2019 2:50 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JILLIAN WARREN | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GREAT AMERICAN | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUEST TO DEFENDANT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JILLIAN WARREN, hereby files this Original Petition, and complains of GREAT AMERICAN INSURANCE COMPANY, Defendant herein, and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

**I.**
**DISCOVERY PLAN**

1. Discovery in this case is to be conducted under Level 3 of the Texas Rules of Civil Procedure, as the Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

**II.**
**PARTIES**

2. Plaintiff, JILLIAN WARREN, is a natural person residing in Fort Bend County, Texas.

3. Defendant GREAT AMERICAN INSURANCE COMPANY (hereinafter referred to as "Defendant" or "GREAT AMERICAN") is an insurance company and may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

EXHIBIT C

## III.
## VENUE AND JURISDICTION

4. Venue is proper in Harris County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

5. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over all parties as set out in paragraph II. The Court has specific jurisdiction over GREAT AMERICAN as the claims arise out of GREAT AMERICAN's purposeful and meaningful contacts with a Texas Plaintiff. The Court has general jurisdiction over GREAT AMERICAN since the Defendant has continuous, systematic, meaningful and purposeful contacts in Texas that gives rise to general jurisdiction.

## IV.
## FACTS

6. The Plaintiff was covered by an insurance policy issued by GREAT AMERICAN to her employer, Cameron Enterprises. The policy number was CAP339214605 and was in effect at the time of the occurrence in question. Furthermore, the policy provided uninsured and underinsured motorist coverage to the Plaintiff in the amount of $100,000 per person.

7. Additionally, GREAT AMERICAN is not an eligible surplus-lines insurer as GREAT AMERICAN is licensed in Texas, with license number 35105, and the insurance policy in question is not a policy that qualifies as a policy that could not be obtained, after a diligent search, from an insurer authorized to write and actually writing the kind and class of insurance that is in dispute. As a result, GREAT AMERICAN is only permitted 15 days under the Insurance Code to acknowledge, investigate, request information, and accept or deny a first party claim—such as the claim in this case.

8. On March 1, 2017, Plaintiff JILLIAN WARREN was harmed by an underinsured driver. On that day, the at-fault party was driving in a parking lot and suddenly, violently, and without warning crashed into the vehicle driven by the Plaintiff Nothing the Plaintiff did or failed to do was a proximate cause of the collision or the injuries sustained thereafter.

9. The Plaintiff presented an uninsured/underinsured motorist claim to GREAT AMERICAN. GREAT AMERICAN stated that it would provide coverage for the claim, but did not pay a fair, just or reasonable amount for uninsured/underinsured motorist benefits.

## V.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT BY GREAT AMERICAN

10. GREAT AMERICAN provided UM/UIM coverage to the Plaintiff in the amount of $100,000 per person. GREAT AMERICAN breached the insurance contract in question by failing to pay the just amount of uninsured/underinsured motorist benefits to the Plaintiff. JILLIAN WARREN incurred medical expenses, and also sustained damages, including but not limited to mental anguish, pain and suffering, impairment, disfigurement, and lost wages. As a result, the Plaintiff was harmed by someone that was uninsured/underinsured and the Plaintiff was entitled to benefits under the UM/UIM policy. GREAT AMERICAN breached the policy by failing to pay a just, reasonable and fair amount pursuant to the policy.

### B. DECLARATORY JUDGMENT AS TO GREAT AMERICAN

12. The Plaintiff hereby seeks a declaratory judgment against GREAT AMERICAN pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. Pursuant to Tex. Civ. Prac. & Rem. Code § 37.003, a court has the power to declare the rights, status, and other legal relations between the parties. Plaintiffs hereby seek a declaratory judgment that:

   a. Plaintiff's claim for uninsured/underinsured motorist benefits, personal injury protection, medical payments, and any other available coverages that are available

  pursuant to the policy, arising out of the subject crash, was covered by the Policy in question;

b. Plaintiff was harmed by an uninsured/underinsured motorist;

c. Plaintiff is entitled to an award against GREAT AMERICAN for uninsured/underinsured motorist coverage benefits, personal injury protection, medical payments, and any other available coverages that are available pursuant to the policy, in an amount to be determined by the Court or Jury, for the bodily injuries and damages sustained by the Plaintiff arising out of the subject crash.

## VI.
## DAMAGES

13. Plaintiff hereby sues for all damages sustained in the past, and, in all reasonable probability, will sustain in the future, including but not limited to actual damages, medical expenses, pain and suffering, mental anguish, physical impairment, disfigurement, lost wages, attorney's fees, pre and post judgment interest, and court costs.

## VII.
## REQUESTS FOR DISCOVERY

31. Attached to this Petition, and marked as exhibits hereto, are certain discovery requests, including:

Exhibit 1. Plaintiff's Request for Disclosure to Defendant GREAT AMERICAN

Exhibit 2. Plaintiff's First Set of Interrogatories to Defendant GREAT AMERICAN

Exhibit 3. Plaintiff's First Request for Production to Defendant GREAT AMERICAN

32. These discovery requests are being served with this Petition in accordance with the Texas Rules of Civil Procedure. Responses to these requests must be served and filed in accordance with those Rules.

# VIII.

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that Defendant be cited to appear and answer herein. The Plaintiff also prays that upon final hearing of this cause, that Plaintiff is awarded a judgment against the Defendant for all damages described herein, including actual damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

/s/ *Joshua R. Leal*
**Robert S. Kwok**
SBN: 00789430
**Joshua R. Leal**
SBN: 24048609
Email: jleal@kwoklaw.com
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: 713.773.3380
Facsimile: 713.773.3960

**ATTORNEYS FOR PLAINTIFF**